ALEXANDER MCKILLOP *vs.* DULUTH STREET RAILWAY CO.

Argued May 14, 1894.   Affirmed June 1, 1894.

No. 8831.

**Verdict sustained by the evidence.**
    *Held* the verdict is sustained by the evidence.

Appeal by defendant, the Duluth Street Railway Company, from an order of the District Court of St. Louis County, *C. L. Brown,* J., made February 17, 1894, denying its motion for a new trial.

The facts in this case are fully stated in the report of a former appeal, 53 Minn. 532.    The second trial occurred September 9, 1893. The jury returned a verdict for plaintiff and assessed his damages at $7,500.

*Billson, Congdon & Dickinson,* for appellant.

Our first proposition is, that the plaintiff's claim which at the crucial point rests upon his own uncorroborated statement is utterly discredited by his reckless resort to falsehood in its support.    His evidence upon nearly every vital point which it touches is confused, self-contradictory, mercurial in its susceptibility to the leadings and suggestions of his counsel and in fact infested with every known vice.    The facts are putty in his hands which he shapes and entirely reshapes in the presence of the jury, with exclusive reference to what at the moment he supposes to be the most available form. His narrative makes a repulsive study of unskillful methods in the fabrication of testimony.    These are strong expressions but they are used advisedly, and are susceptible of irrefragable demonstration from the record.    He was, in order to recover a large sum of money from the defendant, testifying to a transaction which he claimed had occurred at an isolated spot in the darkness of night when there was no other eye to see or ear to hear, and concerning which therefore his testimony in order to command credit should bear the marks of candor and a regard for truth.    Instead of this, it unmistakeably discloses that his only aim was to give of the alleged occurrence the version which seemed to him at the moment to be most available. We submit in all candor and seriousness that judicial methods and machinery which should despoil one person for the benefit of another upon the strength of such testimony as this, instead of being a conservator of society would be a crime against it.

*Edson, Edson & Campbell,* for respondent.

There is no extraordinary or unusual condition shown by the record to justify the interference of this court with the verdict of the jury. The case has been tried twice and a verdict for the plaintiff rendered each time, the evidence in each case being substantially the same. *Bishop* v. *Corbitt,* 40 Minn. 200;   *Egan* v. *Faendel,* 19 Minn. 231; *Ohlson* v. *Manderfeld,* 28 Minn. 390; *Martin* v *Brown,* 4 Minn. 282.

Nor will this court reverse where there is evidence reasonably tending to support the verdict. *Fogerty* v. *Minneapolis & St. L. Ry. Co.*, 30 Minn. 185; *Jones* v. *Town*, 26 Minn. 172; *Witherell* v. *Milwaukee & St. P. Ry. Co.*, 24 Minn. 410; *Benz* v. *Geissell*, 24 Minn. 169; *Merriam* v. *Pine City Lumber Co.*, 23 Minn. 314; *Morris* v. *St. Paul & C. Ry. Co.*, 21 Minn. 91.

There has been no miscarriage of justice. For the purpose of throwing discredit upon plaintiff, appellant seeks by taking segregated portions of plaintiff's testimony, elicited upon this and the former trial and bringing them together to produce the impression that plaintiff has falsified. A careful reading of the parts will not bear appellant out in his position nor in his excessive denunciation of the plaintiff. Appellant forgets that this testimony was carefully collated and examined by both the jury upon the trial and by the trial judge upon the motion for a new trial, and that neither found the glaring inconsistencies which defendant claims to have discovered.

CANTY, J. Plaintiff was a teamster, and, at the time of the injury, was driving his team from West Duluth back to Duluth. He claims that his team took fright, threw him out of his sled, and, in falling, he struck on his head, and was injured so that he became dizzy and dazed, and, after wandering along in this condition, fell down on the street-car track of defendant, and its car ran over him, and cut off his leg. This occurred after dark in the evening. He claims that defendant was negligent—

*First*, in constructing and maintaining its tracks several inches above the surface of the street, thereby causing an obstruction which threw him out of his sled when the horses ran away;

*Second*, in failing to keep, at the front of its car, a light of sufficient power to enable the motorman to see an object far enough ahead of the car to enable him to stop the car before the object was reached;

*Third*, that the motorman was negligent in failing to discover him upon the track in time to prevent the injury by stopping the car.

The defendant claims that the injury was caused by plaintiff's own negligence; that plaintiff was intoxicated to such a degree that he was not able to drive his team, but fell out of the sled, and per-

mitted the team to go off; and that, after staggering along the track, and falling and lying down several times, finally lay down in a state of helpless intoxication, where he was found at the time he was run over by the car.

On the trial the jury returned a verdict for plaintiff, and, from an order denying a motion for a new trial, defendant appeals.

The only ground of error urged is that the verdict is not justified by the evidence; not that there is not sufficient evidence to sustain the verdict, if it was credible, but that the evidence to support the verdict is so contradictory and improbable as to be unworthy of belief.

We are of the opinion that there is sufficient evidence to sustain the verdict, and that the contradictions in the evidence and the credibility of the witnesses are questions for the jury. This being the only question raised by appellant, the order appealed from should be affirmed. So ordered.

BUCK, J., absent, sick, took no part.

(Opinion published 59 N. W. 481.)